47 F.3d 1173
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Houston OWENS, Defendant-Appellant.
 No. 93-2484.
 United States Court of Appeals, Seventh Circuit.
 Submitted Jan. 30, 1995.*
Decided Feb. 13, 1995.
 
 Before CUMMINGS, EASTERBROOK and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Houston Owens pleaded guilty to one count of theft of stolen mail matter in violation of 18 U.S.C. Sec. 1708, and was sentenced to 16 months in prison, to be followed by three years of supervised release. After Owens was released from prison, he tested positive for cocaine use on five separate occasions. The district judge found that Owens' positive drug test results violated a condition of his supervision[2] and revoked Owens' term of supervised release for "possession" of a controlled substance pursuant to 18 U.S.C. Sec. 3583(g). The district judge also found that Owens was guilty of a Grade B violation of supervision which, when combined with a Criminal History Category of IV, resulted in a sentencing range of twelve to eighteen months, U.S.S.G. Sec. 7B1.4(a), and a mandatory minimum term of twelve months, 18 U.S.C. Sec. 3583(g). The district judge imposed a fifteen-month sentence.
 
 
 2
 Owens contends that evidence of cocaine use established by laboratory analysis does not constitute "possession" of a controlled substance for purposes of 18 U.S.C. Sec. 3583(g). United States v. Young, No. 93-3603 (7th Cir. Dec. 7, 1994), forecloses this contention, holding that "in the supervised release context, 'use' is subsumed within 'possession' where the defendant knowingly and voluntarily consumes the controlled substance." Id., slip op. at 3, and cases cited therein. In this case, Owens' positive test results, coupled with his incredible assertion that the results were due to being around friends who were using cocaine, support the district judge's decision that Owens voluntarily and knowingly used cocaine. The district judge did not abuse his discretion in revoking Owens' term of supervised release.[3] United States v. Dillard, 910 F.2d 461, 464 & n. 2 (7th Cir.1990) (per curiam); Young, No. 93-3603, slip op. at 3.
 
 
 3
 Owens also contends that the district judge improperly found that he committed a Grade B violation of supervised release instead of a Grade C violation. U.S.S.G. Sec. 7B1.1(a)(2), (a)(3). The district judge must revoke supervised release if he finds a Grade B violation. U.S.S.G. Sec. 7B1.3(a)(1). If the district judge finds a Grace C violation, he may choose to revoke supervised release or to modify the term or conditions of supervised release. U.S.S.G. Sec. 7B1.3(a)(2). Because Owens failed to object to the district judge's finding, we review the record for plain error. Fed.R.Crim.P. 52; United States v. Olano, 113 S.Ct. 1770, 1176-78 (1993). No error occurred, plain or otherwise.
 
 
 4
 A Grade C violation is "conduct constituting (A) a federal, state, or local offense punishable by a term of imprisonment of one year or less; or (B) a violation of any other condition of supervision." U.S.S.G. Sec. 7B1.1(a)(3). A Grade B violation, by contrast, is conduct constituting a federal, state, or local offense punishable by a term of imprisonment exceeding one year. U.S.S.G. Sec. 7B1.1(a)(2). In Illinois, unlawful possession of less than 15 grams of cocaine is a class 4 felony punishable by a term of not less than one and not more than three years in prison. 720 ILCS 570/402(c); 730 ILCS 5/5-8-1(a)(7). Accordingly, the district judge properly found that Owens committed a Grade B violation of supervised release.
 
 
 5
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a), Circuit Rule 34(f). Both Owens and the government responded to the notice, stating that they agreed with the court's tentative conclusion. Upon consideration of these statements, the briefs, and the record, the appeal is submitted on the briefs and record
 
 
 [2]
 The condition stated that Owens "shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance or any paraphernalia related to such substances, except as prescribed by physician."
 
 
 [3]
 Owens' suggestion that the district court must find a violation of supervised release by clear and convincing evidence is refuted by Sec. 3583, which requires only that such finding be supported by a preponderance of the evidence. 18 U.S.C. Sec. 3583(e)(3); United States v. Dillard, 910 F.2d 461, 463-64 (7th Cir.1990) (per curiam)